CARMINE REPPUCCI & another *vs.* ANNIBALE POLEARI.

Suffolk.    May 21, 1935. — June 28, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Nuisance.    Equity Jurisdiction,* To enjoin nuisance.

If the owner of one of two abutting houses plasters his neighbor's wall, he may be enjoined in a suit in equity as for a nuisance and be ordered to remove the plaster.

BILL IN EQUITY, filed in the Superior Court on March 15, 1934.

The final decree dismissing the bill was entered by *Sisk,* J.

*J. C. Johnston,* (*H. B. Ross* with him,) for the plaintiffs.

*F. A. Marcella & G. Miraldi,* for the defendant, submitted a brief.

PIERCE, J. This is a suit in equity. It comes before this court on appeal from a final decree dismissing the bill of complaint.

The trial judge, in substance, found the following facts: The plaintiffs allege that they are the owners of a lot of land with a brick building thereon numbered 10 Garden Court Street, in Boston; that the defendant is the owner of a lot of land with a brick building thereon numbered 12 on said street, adjoining the plaintiffs' property; that there

is no party wall between the said buildings; that the plaintiffs are the sole owners of the brick wall adjoining the defendant's building; that the defendant has removed whatever wall he may have had adjoining the plaintiffs' property and is now using and marring the plaintiffs' wall and is attempting to use the same for the inner wall of his property. On May 21, 1934, a hearing was had on the assessment of the plaintiffs' damage, and the bill was taken for confessed against the defendant. At the conclusion of the hearing the then presiding judge stated that he found the plaintiffs had sustained no damage. On July 12, 1934, as of May 21, 1934, the following finding was made: "This cause came on to be heard upon the assessment of damages, the bill having been taken for confessed against the defendant. After hearing the testimony of the witnesses, I find the plaintiff sustained no damage." On June 19, 1934, the judge allowed the plaintiffs to amend their bill of complaint so that paragraph 4 is as follows: "That the respondent has started to remodel the premises owned by him and has removed whatever wall he may have adjoining your complainants' property, has placed plastering through his servants or agents or his assignors upon the complainants' wall and is using the same for the inside wall of his property"; and they were allowed to amend the second prayer of the bill so that the amended prayer is as follows: "That upon the hearing on the merits of the complainants' Bill of Complaint and the issue a permanent restraining order may issue against the respondent, his servants or agents from using, marring, damaging or attaching any substance whatever to your complainants' wall; that said respondent be ordered to remove any foreign substance or plastering upon your complainants' wall." On June 19, 1934, the parties filed the following stipulation: "It is hereby agreed the court allow the parties to go into the merit on such questions as may be raised by the amendments allowed by the court June 19, 1934, at the time of hearing of the final decree."

The presiding judge, following a hearing on the above stipulation, which was commenced on July 6, 1934, and a

view of the premises, made additional findings of fact, in substance, as follows: The plaintiffs' building is a five-story brick structure fronting on Garden Court Street which runs approximately north and south. The main building of the defendant is of brick construction, four stories in height, fronting on Garden Court Street at the corner of Fleet Street. A part of the building fronting on Garden Court Street is two stories in height; there is a store on the first floor and a bedroom on the second floor above the store. This part of the building adjoins the building of the plaintiffs. The sole dispute between the parties relates to the southerly side of this bedroom adjoining the plaintiffs' wall. The plaintiffs owned their property about twelve years (i.e., from about 1922). The defendant had a lease of his property in 1915 and bought it in 1923. In 1924 he made alterations on the second floor next to the plaintiffs' building and changed a part of the same into a restaurant; the bedroom, above referred to, was enlarged by increasing its length by five feet. When the addition was made the bedroom was nine feet high, nine feet wide and twelve feet long. The additional five feet by nine feet, forty-five square feet, was then plastered. At this time the remaining sixty-three square feet of the plaintiffs' wall was plastered and had been for about twenty-five years. When the alterations were made in 1924, by the defendant, he undertook to put a beam in the wall but was prevented from so doing by the plaintiffs. This bedroom and another room, before the alterations, were occupied by a tenant from about 1909 to 1918, and during that period the south side of the bedroom as it then was consisted of the brick wall in question covered with plaster. The wall was then owned by a predecessor in title of the plaintiffs, and there is nothing in the record which discloses that the sixty-three square feet was not plastered by or with the consent of the plaintiffs' predecessor in title. In December, 1933, there was a fire on the second floor of the defendant's building about eighteen or twenty feet from the southerly wall of the bedroom. The wall had been previously painted and the paint had peeled as a result of the

fire.  The defendant employed workmen to clean and wash the wall.  It was scraped with a knife and none of the plaster was removed.

On the above facts the placing of plaster by the defendant on the wall of the plaintiffs, without their consent, was a nuisance for which the defendant was responsible.  For this act and its continuance the defendant was responsible to the plaintiffs in an action on the case for nuisance, or possibly in an action of trespass, or by a bill in equity for an injunction to restrain its further continuance and for an abatement.  *Miles* v. *Worcester,* 154 Mass. 511, 513.  See *Flynn* v. *Butler,* 189 Mass. 377, 386.  It is clear on the facts that the defendant placed the plaster for support and adhesion on the wall belonging to the plaintiffs.  It is equally apparent that in an action brought under G. L. (Ter. Ed.) c. 243, § 1, there could be no defence to an action on the case, and that, the nuisance being a continuous one, there could be no successful defence to a second action.  It is manifest that after judgment in the second action the plaintiffs would be entitled under G. L. (Ter. Ed.) c. 243, § 3, as a part of the judgment, to an order abating the nuisance.  As was said in *Curtis Manuf. Co.* v. *Spencer Wire Co.* 203 Mass. 448, at page 452: "We see no reason under the circumstances of this case why . . . [the plaintiffs] should be compelled to take this more dilatory method to enforce . . . [their] rights."  It results that the final decree should be reversed, and the defendant ordered to pay the plaintiffs $1 as nominal damages, and costs.  It further results that there should be a decree for the abatement of the nuisance of forty-five square feet of plaster and paint.

*Decree accordingly.*