ROGERS v. UNITED STATES LINES.

No. 10993.

United States Court of Appeals
Third Circuit.

Argued June 2, 1953.

Decided June 24, 1953.

William M. Alper, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellant.

Robert Cox, Philadelphia, Pa. (T. E. Byrne, Jr., Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In this diversity action for personal injuries plaintiff appeals from the judgment against him and from the denial of his motions for a new trial.

On January 10, 1949, at a dock in Philadelphia, the S. S. Pioneer Tide was being unloaded of its cargo of ore. By 7:00 P. M. the only ore remaining was that in the wings of the hold. Special tub gangs of Lavino Company, the stevedoring contractor, were removing this. In that operation the forward gang, of which plaintiff was a member, was using one of the ship's booms, the stevedore's land fall, the two ship's winches, a ship's runner on one of the winches and the land fall runner furnished by Lavino on the other one. The ore was shoveled into the tubs which were then hoisted up and off the ship into railroad cars on the dock. At about 9:30 P. M. one of the tubs unexpectedly swung across the hold and struck appellant. It seems now accepted by everyone concerned that the accident was caused by the land fall runner, operated at the time by a Lavino employee, rewinding on the winch drum which forced the tub to move as it did.

Appellant's objection to the trial court's charge and his sole reason for seeking to reverse the judgment below is based upon his contention that the land fall runner was short and therefore defective. He claims that although the runner "* * * was originally provided by the stevedoring contractor, it was adopted by the vessel and incorporated with the ship's loading equipment and thus became an appurtenance of the vessel, with regard to which the ship had a continuing and nondelegable responsibilty for its seaworthiness."

Admittedly then, the alleged unseaworthy condition was not created by the ship. The runner was owned, produced and fastened to the winch by Lavino, which was in charge of and performing the unloading operation. And there is no indication that the ship sanctioned its use or even knew of its existence. The statement that the vessel adopted the runner as an appurtenance is simply not justified by the record. In accordance with the well accepted practice the discharge of the cargo had been

turned over to Lavino Company, an experienced master stevedore concern. The latter had taken the assignment and proceeded to carry it out. In the course of so doing and for its purposes it hooked up one of its own wires and thereafter used it in connection with the other rigging. While there is strong evidence of Lavino's negligence through its employees, particularly the winch operator, the resolution of that question is not pertinent to this appeal. Since the wire alone or the manner in which it was handled, or both, caused plaintiff's hurts and since under the facts the presence of that wire cannot be construed as appellee's responsibility this judgment should not, for the reason urged, be disturbed. Lopez v. American-Hawaiian Steamship Co., 3 Cir., 1953, 201 F.2d 418, certiorari denied, 73 S.Ct. 1125.

■ Appellant's second point is that the district court erred in denying his motions for a new trial. The original motion was based on asserted newly discovered evidence. The supplemental motion charges that defendant concealed the identity of a crucial witness in its answers to plaintiff's interrogatories.

The evidence offered is that of Dave Harris, a Lavino foreman who, it is stated, rigged the land fall involved. There is no contention that he saw the accident. In his affidavit he states what they "always" did but evinces no special recollection of the critical period except to say that he was foreman for the day gang which worked that day from 8:00 A. M. to 6:00 P. M. The accident, as already mentioned, did not occur until approximately 9:30 that night. Nine employees of Lavino, appellant among them, actually testified at the trial regarding factual matters connected with the accident including the unloading rigging, its operation, the discharge of the cargo and the accident itself. A review of that testimony makes it plain that the Harris evidence is cumulative and would probably not have changed the trial result.

The second reason is also devoid of substantial merit. At the time defendant's answers to plaintiff's interrogatories were served defendant had no knowledge of a witness named Harris and therefore did not mention him. Appellant, had he so desired, could have readily served other interrogatories thereafter but did not do so. In addition, Lavino Company was a party to the suit at the time the referred to interrogatories were served and its interest was identical with that of appellee because of its workmen's compensation subrogation claim arising out of appellant's injury. The information concerning Harris would have been easily and properly obtainable from Lavino. Cf. Gibson v. International Freighting Corporation, 3 Cir., 1949, 173 F.2d 591, 592, certiorari denied 338 U.S. 832, 70 S.Ct. 78, 94 L.Ed. 541.

We are entirely satisfied that the district judge committed no abuse of discretion in denying appellant's motions for a new trial. Beck v. Wings Field, Inc., 3 Cir., 1941, 122 F.2d 114, 116.

The judgment of the district court and its order of November 26, 1952 denying plaintiff's motions for a new trial will be affirmed.