**PIONEER STEAMSHIP COMPANY,**
Appellant,

v.

**Walter E. HILL, Appellee.**

No. 12374.

United States Court of Appeals
Sixth Circuit.

Nov. 23, 1955.

Lucian Y. Ray, Cleveland, Ohio (John H. Hanninen, McCreary, Hinslea & Ray, Cleveland, Ohio, on the brief), for appellant.

J. Harold Traverse, Cleveland, Ohio (Victor M. Todia, Cleveland, Ohio, Ed-

ward F. McDermott, Cleveland, Ohio, on the brief), for appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

Appellee, a shipfitter's helper, injured aboard appellant's vessel "John Stanton" when he fell into a hole cut into the deck of a coal bunker, was awarded a money judgment after trial in the district court with jury waived. The complaint charged both unseaworthiness of the vessel and negligence on the part of appellant, its owner. During the trial, however, the appellee abandoned his right to recover on the ground of unseaworthiness, and the judgment rests upon the district court's finding that appellee's injuries were proximately caused by appellant's negligence. D.C., 134 F.Supp. 366.

The accident occurred during the vessel's winter layup period at Cleveland, Ohio, at a time when its regular officers and crew were not aboard. Appellee was one of several employees of a ship repair contractor engaged in making substantial repairs to the vessel during this period by agreement with the appellant. The hole into which appellee fell had been cut in the bunker some weeks before by his fellow employees for the purpose of facilitating access to an area where repairs were being made. It was located at the end of a ramp leading from the fire hold into the coal bunker in a place that was usually in darkness. It was not guarded in any way. Appellee did not know it was there. He fell into it and was injured on the first morning he came to work aboard the vessel. Only one employee of appellant was present at the time, a "shipkeeper," who lived on board and who was entrusted with general custodial duties with respect to the ship.

■ If appellant's liability were based upon unseaworthiness of the vessel, the bare facts recited might suffice to support the judgment, assuming no contributory negligence on the part of appellee, because the absolute duty to provide a seaworthy vessel has now been held to be a non-delegable one. Alaska Steamship Co. v. Petterson, 1954, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798, affirming Petterson v. Alaska S. S. Co., 9 Cir., 1953, 205 F.2d 478; Rogers v. United States Lines, 1954, 347 U.S. 984, 74 S.Ct. 849, 98 L.Ed. 1120, reversing Rogers v. United States Lines, 3 Cir., 1953, 205 F.2d 57; cf. Poignant v. United States, 2 Cir., 1955, 225 F.2d 595. Moreover, appellee was probably within the broadened class of workers to whom the protection of the seaworthiness doctrine has now been extended. Pope & Talbot, Inc. v. Hawn, 1953, 346 U.S. 406, 412, 74 S.Ct. 202, 98 L.Ed. 143. But in its present posture this is not an unseaworthiness case. The judgment is based upon appellant's failure to exercise ordinary care. The Supreme Court's recent decisions in the Petterson and Rogers cases, supra, do not, therefore, seem relevant. See Petterson v. Alaska S. S. Co., Inc., 9 Cir., 205 F.2d 478, 480; Berti v. Compagnie de Navigation Cyprien Fabre, 2 Cir., 1954, 213 F.2d 397, 400.

■ The district judge found as a fact, however, that the appellant, through its shipkeeper, remained in general control of the vessel while the repairs were being made by appellee's employer. The evidence showed that the shipkeeper had had actual knowledge of the existence of the hole in the coal bunker for approximately two weeks, and that he was in a position to see the appellee approach the hole and to warn him of its existence, but failed to do so. The court concluded that the appellant, through its shipkeeper, owed appellee the duty of exercising reasonable care for his safety while at work aboard its vessel, by reason of the general supervision and control of the vessel which it retained during the course of the repair work, and that this duty was violated when the shipkeeper failed to warn the appellee, orally or otherwise, of the existence of the hole in the coal bunker deck. The court further found appellee free of contributory negligence.

The district court's factual inference that appellant retained control of the vessel during the course of the repair work was primarily based upon the court's interpretation of the written "Instructions to Shipkeepers" outlining the duties and responsibilities of the shipkeeper on behalf of the appellant.

■ Although this is an admiralty case, in which an appeal is still said to be a trial *de novo,* we are free to disturb this finding of the district court only if it is clearly erroneous. McAllister v. United States, 1954, 348 U.S. 19, 75 S. Ct. 6; United States v. Standard Oil Co. of Kentucky, 6 Cir., 1954, 217 F.2d 539, 540. Cf. Rule 52(a) Federal Rules of Civil Procedure, 28 U.S.C.A. Applying that test, we cannot set aside the district court's crucial finding that the appellant remained in control of the "John Stanton" during the progress of the repair work, even though we might have drawn a different inference from the evidence had we tried the facts.

■ Upon the facts as found, there was no error in the trial court's legal conclusions. Appellant owed to appellee, as to any business visitor, the duty of ordinary care, in this case the duty to warn of an existing dangerous condition of which appellant, through its shipkeeper, was aware. Palazzolo v. Pan-Atlantic S.S. Corp., 2 Cir., 1954, 211 F. 2d 277;[1] Fodera v. Booth American Shipping Corp., 2 Cir., 1947, 159 F.2d 795; Vanderlinden v. Lorentzen, 2 Cir., 1944, 139 F.2d 995. That partial control of the vessel was surrendered each day to the independent contractor cannot help the appellant under the facts of this case. In Berti v. Compagnie de Navigation Cyprien Fabre, supra, a case upon which appellant heavily relies, liability could have been predicated only upon the negligent manner in which the independent contractor did the work. In the present case, the negligence charged to appellant did not consist in the manner of doing the repair work, i. e., in the cutting of the hole in the first place, over which appellant concededly had no control, but in failing to warn a business visitor to its vessel of a dangerous condition of which it was well aware.

■ Appellant contends that in any event the appellee was guilty of contributory negligence as a matter of law in entering the dark and unfamiliar area, and that the case should therefore be remanded for mitigation of the amount of damages awarded. As was said in Dixon v. United States, 2 Cir., 1955, 219 F.2d 10, 17, while appellee "was not as cautious as he might have been, we are unable to say that he was unreasonably incautious, so as to justify us in overturning the lower Court's finding that he was not contributorily negligent."

■ The law of Ohio would very possibly compel a result different from that reached by the district court in this case. Schwarz v. General Electric Realty Corp., 1955, 163 Ohio St. 354, Syll. 2, 126 N.E. 2d 906; Wellman v. East Ohio Gas Co., 1953, 160 Ohio St. 103, 113 N.E.2d 629. However, although federal jurisdiction was claimed by reason of diversity of citizenship, the law of Ohio is not controlling, this being a maritime tort. Pope & Talbot, Inc., v. Hawn, 1953, 346 U.S. at pages 409–411, 74 S.Ct. 202, 98 L.Ed. 143. It is to the general maritime law, as developed by the federal courts, that we have therefore looked.

Applying that law, as expressed in the cases cited, to the facts as found by the district court, we conclude that the judgment must be and it hereby is affirmed.

---

1. Aff'd sub nom. Ryan Stevedoring Co. v. Pan-Atlantic Steamship Co., 349 U.S. 901, 75 S.Ct. 575, rehearing granted, 349 U.S. 926, 75 S.Ct. 769, on other grounds.