James **CONSIDINE**

v.

**BLACK DIAMOND STEAMSHIP CORPORATION, Skibs A/S Oilexpress.**

**SIGURD & COMPANY A/S**

v.

**NACIREMA OPERATING COMPANY, Inc.**

Civ. A. No. 57–396.

United States District Court
D. Massachusetts.
April 24, 1958.

Nathan Greenberg, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for Black Diamond S.S. Corp., Skibs A/S Oilexpress and Sigurd & Co. A/S.

John Kimball, Jr., Boston, Mass., for Nacirema Operating Co.

ALDRICH, District Judge.

In this action a stevedore in the hold, unloading the ship, was injured by reason of an allegedly defective "chisel-truck," a hydraulically-operated-plat-formed, wheeled device for handling heavy bales, etc. The defendant ship-owner, and the impleaded stevedoring third-party defendant, move for summary judgment. The plaintiff consents to the motion so far as the counts for negligence are concerned. Cf. Berti v. Compagnie de Navigation Cyprien Fabre, 2 Cir., 213 F.2d 397. With respect to the counts for unseaworthiness the record would require a finding that the truck was the property of the stevedoring company, brought on the ship by it, and that vessels do not carry such equipment. The defendants take the position that the truck, not being substitute, or ship-type equipment, and not owned by the ship, is not subject to the absolute warranty of seaworthiness. Cf. Berryhill v. Pacific Far East Line, 9 Cir., 238 F.2d 385, certiorari denied 354 U.S. 938, 77 S.Ct. 1400, 1 L.Ed.2d 1537. I have some sympathy with defendants' position. A stevedore temporarily operating his employer's truck on board a ship is performing no more dangerous activity than if he were operating the same truck dockside. I see no contrary logic, or social necessity, let alone legislative policy. But it seems to me these questions have already been essentially determined. Alaska Steamship Co. v. Petterson, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798, affirming per curiam 9 Cir., 205 F.2d 478; Rogers v. United States Lines, 347 U.S. 984, 74 S.Ct. 849, 98 L.Ed. 1120, reversing per curiam, 3 Cir., 205 F.2d 57. Cf. Halecki v. United New York, etc., Ass'n, 2 Cir., 251 F.2d 708. Perhaps my ability to draw the line in this situation is no better than the Maine roofer laying shingles on a day the fog was so thick he did not realize he had gone past the edge, but I can perceive here no rational stopping place.[1]

There remains a question of how the case is to be tried. Judge Wyzanski's exhaustive analysis in Jenkins v. Roderick, D.C.D.Mass., 156 F.Supp. 299, sat-

---

1. What is going to happen when the stevedore, who customarily carries his own personal tools, such as a bailing hook, brings aboard a defective one, and injures himself? Suppose he has an incompetent (as distinguished from merely negligent) fellow-employee? Cf. Boudoin v. Lykes Bros. S.S. Co., 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354. And if incompetent help makes a ship unseaworthy, what if a stevedore is injured by his own incompetence?

isfies me that unseaworthiness is a federally created action for which, standing alone, there is no right to jury trial. On Counts 1, 3, and 5 judgment for the defendants therein. Counts 2, 4, and 6 to stand for trial without jury. As to the third-party complaint, this would appear to raise a further question, had the parties thereto claimed a jury. However, they did not. This complaint will be tried with the other.