James CONSIDINE

v.

BLACK DIAMOND STEAMSHIP COR-
PORATION, Skibs A/S Oilexpress.

SIGURD & COMPANY, A/S

v.

NACIREMA OPERATING COM-
PANY, Inc.

Civ. A. No. 57-396.

United States District Court
D. Massachusetts.

May 27, 1958.

Nathan Greenberg, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for Black Diamond S.S. Corp., Skibs A/S Oilexpress and Sigurd & Co. A/S.

John Kimball, Jr., Boston, Mass., for Nacirema Operating Co.

ALDRICH, District Judge.

This matter has previously been before the court in another, but still pertinent, aspect. Considine v. Black Diamond S.S. Co., D.C.D.Mass., 163 F.Supp. 107. At that time was denied a motion for summary judgment of dismissal. There-

after the stevedore's action was tried to an advisory jury, which found for the plaintiff. Nacirema, the stevedoring concern and third-party defendant, participated in the trial. While the jury was deliberating, the third-party complaint was tried to the court on the evidence already introduced, and certain additional evidence.

■ In the original action the defendants were Skibs A/S Oilexpress, hereinafter called Skibs, the shipowner, and Black Diamond S.S. Co., the charterer. The plaintiff dismissed against Black Diamond. Plaintiff also agreed that he was making no claim for negligence, but only for unseaworthiness. Since the charter was a time and not a bare-boat charter, Skibs was the correct defendant. It is also obvious that Skibs was not negligent, having had nothing to do with the loading truck owned and brought aboard by Nacirema.

■ I find that while Considine was operating the truck in the hold of the vessel a part of its loading mechanism, known as the blade, fell off and broke two of his toes. Considine was a stevedore whose sole job was to operate the truck. He had no familiarity with mechanics. The blade fell off because it had only an ordinary bolt, as distinguished from a spring bolt, to hold it in place, and because a safety retaining guard had previously broken off. A casual inspection by a competent person would have revealed this condition. It had not been repaired a month after the accident, and there is reason to suppose that the condition had existed long enough before the accident to come to Nacirema's attention. Indeed, I find that the insufficient bolt had been installed initially by Nacirema itself as a temporary repair. I find that the truck was in an unsafe and defective condition; that this was known to Nacirema; that the truck was Nacirema's; that no one but Nacirema was charged with its maintenance and repair, and that of all the parties ever involved in the action, only Nacirema was negligent. In spite of the above, the absence of any contractual relationship between the longshoreman, or his employer, and the ship, and the shipowner's lack of ownership or control over the truck, since this was "traditional crew work," even though it was not traditional ship's equipment, for reasons stated in my previous opinion I feel compelled to impose upon Skibs absolute liability for the defective condition.

■ The next question, and the logical one, is should the shipowner be able to pass on the loss to Nacirema, the party who caused it? Nacirema says, with justification, that since its contract was with Black Diamond, there can be no express or implied contractual indemnity. Cf. United Electric Light Co. v. Deliso Construction Co., 315 Mass. 313, 52 N.E. 2d 553. On ordinary tort principles there is a limit beyond which the imposition of financial obligation upon third parties on account of physical injury to another will not be recognized. Cf. Gomes v. Eastern Gas & Fuel Associates, D.C.D.Mass., 127 F.Supp. 435. But it would seem that a licensee, upon property of others, whose negligent conduct will impose absolute liability upon the property-owner, should normally be chargeable with such foreseeable consequence. States S.S. Co. v. Rothschild International Stevedoring Co., 9 Cir., 205 F.2d 253. Here, however, we meet the Longshoremen's and Harbor Workers' Act, which provides, in part,

"The liability of an employer [hereunder] shall be exclusive and in place of all other liability of such employer to the employee, his legal representative * * * and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury * * *" 33 U.S.C.A. § 905.

In Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100

L.Ed. 133, the court held that § 905 did not stand in the way of implied contractual indemnity. That, however, was a case where the shipowner hired the stevedoring employer, which is not the case here. In Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143, the question was not considered. In Brown v. American-Hawaiian S.S. Co., 3 Cir., 211 F.2d 16, the court indicated that § 905 was a bar in the absence of contract, while in States S.S. Co. v. Rothschild International Stevedoring Co., supra, at least a majority of the court felt otherwise.

The shipowner's cause of action against the stevedoring concern is for an injury caused to itself by placing a defective piece of equipment on its vessel under circumstances that direct liability to a third party may reasonably be expected. While the damages are measured by the size of the stevedore's claim, the shipowner is suing in its own right, and not derivatively. Crumady v. The Joachim Hendrik Fisser, D.C.D.N.J., 142 F.Supp. 389, reversed on other grounds, 3 Cir., 249 F.2d 818. Although read literally § 905 might apply to both types of actions, I feel that, being a compensation act, it was directed only at claims made by, or through, the employee. McFall v. Compagnie Maritime Belge, 304 N.Y. 314, 107 N.E.2d 463; cf. Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, certiorari denied 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624.

In the original action the motions of the defendant and the third-party defendant for judgment are denied. Judgment for the plaintiff on the verdict. In the third-party action the motion of the third-party defendant for judgment is denied. Judgment will be entered for the third-party plaintiff. I will hear the parties as to whether it should be for an amount in excess of the verdict. See Restatement, Torts, § 914.