## PETTERSON v. ALASKA S. S. CO., Inc.

No. 13268.

United States Court of Appeals
Ninth Circuit.

June 19, 1953.

John Geisness, Bassett, Geisness & Vance, Seattle, Wash., for appellant.

Bogle, Bogle & Gates, Robert V. Holland, Seattle, Wash., for appellee.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and JAMES M. CARTER, District Judge.

DENMAN, Chief Judge.

This is an appeal in admiralty from a decree of the United States District Court for the Western District of Washington, Northern Division, denying recovery by Petterson, a stevedore, against Alaska Steamship Company, Inc., hereafter the Owner, for injuries received on the Owner's steamship Susitna claimed to be caused by the ship's unseaworthiness. The question presented is whether a vessel's owner is liable for injuries received by an employee of a stevedoring company (an independent contractor) on board ship while engaged in the loading of the ship where the injuries are caused by a breaking block brought on board by the stevedoring company.

Libellant-Appellant Petterson was an employee of the Alaska Terminal and Stevedoring Co., hereafter Stevedoring Co. Stevedoring Co. was engaged by the Owner to load the latter's vessel, the S. S. Susitna. In performing their duties, Stevedoring Co.'s employees used a block which was found lying unused on the vessel. It is not clear whether the block belonged to the ship or the Stevedoring Co., it being the type of equipment commonly found as part of the gear of both ships and stevedoring firms. For the purposes of this appeal, it will be assumed that it was brought on board by Stevedoring Co. While being put to a proper use in a proper manner, the block broke causing the injuries complained of to Petterson. There was no proof as to the condition of the block prior to its use other than what may be implied from the accident.

The court below granted a decree for the Owner on the ground that it was not shown that the block belonged to or was a part of the gear of the Susitna. Petterson's argument that liability should be imposed even if the gear belonged to the Stevedoring Co. was rejected by the court on the ground that Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, did not go so far.

The Owner contends that as there was no proof of the unseaworthiness of the block, Petterson cannot recover. This contention is without merit. The Court below found that the block was used "in a customary and usual manner" and that it "was of a type ordinarily and customarily used and proper for the use to which it was being put upon the occasion in question." [R. 14–15.] In admiralty appeals, findings of fact based upon credibility of witnesses who testified in open court will not be set aside. Crowley Launch & Tugboat Co. v. Wilmington Transp. Co., 9 Cir., 117 F.2d 651, 653. But an admiralty appeal is a trial de novo, Olsen v. Alaska Packers Ass'n, 9 Cir., 114 F.2d 364, and this court may make its own inferences from the facts as found where it does not upset the findings based upon the credibility of witnesses. If the block was being put to a proper use in a proper manner, as found by the district judge, it is a logical inference that it would not have broken unless it was defective—that is, unless it was unseaworthy.

In making this inference we do not rely upon the tort doctrine of *res ipsa loquitur*, although the result is similar. *Res ipsa loquitur* is a doctrine of causation usually applied in cases of negligence. Here we are dealing with a specie of strict liability regardless of fault. Seas Shipping Co. v. Sieracki, supra, 328 U.S. at page 94, 66 S.Ct. 872. It is not necessary to show, as it is in negligence cases, that the shipowner had complete control of the instrumentality causing the injury, see O'Mara v. Pennsylvania R. Co., 6 Cir., 95 F.2d 762; or that the result would not have occurred unless someone were negligent, see Pillars v. R. J. Reynolds Tobacco Co., 117 Miss. 490, 78 So. 365. It is only necessary to show that the condition upon which the absolute liability is determined—unseaworthiness—exists. Mahnich v. Southern S. S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561. That has been shown here.

Appellee argues that even if the unseaworthiness of the block is shown, it is not liable because control of that portion of the ship upon which Petterson was working had been surrendered to Stevedoring Co. In so contending they rely, as did the court below in its decision, upon the "relinquishment of control" doctrine which has been adopted in the Second and Third Circuits. That doctrine is that a shipowner is under an initial duty to provide a seaworthy ship; but that this duty is a concomitant of control, and the shipowner is not liable for unseaworthiness which arises after control of the ship, or that part which includes the unseaworthy condition, has been surrendered to the stevedores. Mollica v. Compania Sud-Americana, 2 Cir., 202 F.2d 25; Lopez v. American Hawaiian Steamship Lines, 3 Cir., 201 F.2d 418; Lynch v. United States, 2 Cir., 163 F.2d 97; Lauro v. United States, 2 Cir., 162 F.2d 32; Grasso v. Lorentzen, 2 Cir., 149 F.2d 127, certiorari denied, 326 U.S. 743, 66 S.Ct. 57, 90 L.Ed. 444.

This doctrine was first stated in Grasso v. Lorentzen, supra, a case decided before Seas Shipping Co. v. Sieracki, supra. The basis of the decision is that the liability of

a shipowner to a stevedore is a question of negligence—that the shipowner has satisfied his duty to provide a seaworthy ship if he has made a diligent inspection. The court reasoned that if the shipowner has made a diligent inspection before the stevedores take over, he cannot be held to have negligently caused any unseaworthy conditions arising after they take over. This case was followed in Lauro v. United States, supra, although the court found that the ship had been unseaworthy when control was surrendered to the stevedores. Circuit Judge Learned Hand concurred, 162 F.2d at page 35, but asserted that Seas Shipping Co. v. Sieracki, supra, had assimilated the longshoreman to the position of the seaman and that the doctrine was therefore inapplicable. The doctrine was applied without question in the other cases above cited.

 Judge Hand was correct in his interpretation of the Sieracki case as assimilating a longshoreman to the position of a seaman insofar as injuries received while on board ship are concerned. This is shown by the reference in the Sieracki opinion to the "common core of policy which has been controlling" which is found running through the decisions permitting longshoremen to recover from shipowners "that for injuries incurred while working on board the ship in navigable waters the stevedore is entitled to the seaman's traditional and statutory protections, regardless of the fact that he is employed immediately by another than the owner." 328 U.S. at page 99, 66 S.Ct. at page 879. The duty of the shipowner is described, 328 U.S. at page 95, 66 S.Ct. at page 877, as "a form of absolute duty owing to all within the range of its humanitarian policy" and further, 328 U.S. at page 100, 66 S.Ct. at page 880, as "peculiarly and exclusively the obligation of the owner. * * * one he cannot delegate." It cannot be assumed that the Court meant that the stevedore should lose this protection merely because his immediate employer had temporarily assumed control of a portion of the ship without becoming the owner *pro hac vice*.

The liability of the shipowner to the seaman for injuries resulting from unseaworthiness does not depend upon negligence. It is absolute. See Mahnich v. Southern S. S. Co., supra, 321 U.S. at page 100, 64 S.Ct. at page 458, where the Supreme Court said, " * * * cases in this and other federal courts have followed the ruling of The Osceola [189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760], supra, that the exercise of due diligence does not relieve the owner of his obligation * * * to furnish adequate appliances. [Citing cases.]" That this absolute duty is also owed to stevedores is clearly shown by the Sieracki case. See also Kulukundis v. Strand, 9 Cir., 202 F.2d 708, 710. The analysis of the relinquishment of control doctrine above made shows that its major premise is that the liability of the shipowner to the stevedore is based upon negligence. We have shown that major premise to be incorrect; thus the entire doctrine is incorrect, and it should not be applied here.

The decree of the district court is reversed and the cause remanded to the district court for determination of the damages to which Petterson is entitled.