Nazzareno **LANCIOTTI**, Libelant,

v.

**MATSON NAVIGATION COMPANY,**
Respondent.

No. 26833.

United States District Court
N. D. California, S. D.

July 8, 1955.

Melvin M. Belli, Robert H. Rich, Caroline D. Rose, San Francisco, Cal., for libelant.

Samuel L. Holmes, Brobeck, Phleger & Harrison, San Francisco, Cal., for respondent.

HARRIS, District Judge.

Libelant, who slipped on the starboard deck of respondent's vessel, seeks to recover damages in admiralty to compensate him for the injuries suffered.

Prior to the filing of this suit libelant sought and obtained compensation from respondent in accordance with the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950, in the amount of $1,074.79. This sum represented $420 paid by respondent to libelant for hospitalization and medical treatment of a sprained wrist and hernia, and $35 per week compensation. On December 16, 1953, libelant executed a Notice of Election to Sue and thereafter commenced the instant suit.

Libelant's several witnesses, members of his longshoremen's crew on board the Hawaiian Builder, testified that the starboard deck was slippery when they boarded the vessel to unload it on the morning of the accident and that it remained slippery until after 1:30 p. m. when libelant fell on the deck. There was testimony to the effect that the slippery condition was reported to at least one mate during the course of unloading operations in the morning but that nothing was done to correct it prior to the fall which resulted in the injuries to libelant.

■ Although respondent has presented evidence which refutes libelant's contentions, the court believes, under a fair view, that plaintiff has discharged his burden of proof. Petterson v. Alaska S.S. Co., 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798; Lahde v. Soc. Armadora Del Norte, 9 Cir., 220 F.2d 357.

With respect to the damages suffered by libelant, the court encounters several difficulties. After reviewing the medical testimony the court adopts the view expressed by Dr. McChesney, whose conservative analysis concluded with the opinion that surgery is not necessary or called for in connection with libelant's sprained wrist.

Respondent concedes that an operation is necessary for libelant's present hernia. In fact, prior to the commencement of this litigation, libelant company was prepared to pay $600 for such operation.

At this juncture the court must fix an award which will compensate libelant for the expense and hospitalization for a hernia operation and for estimated loss of compensation during the period of libelant's incapacity, as well as general damages.

Since the decision of the Supreme Court in Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, longshoremen, working vessels, have come within the admiralty jurisdiction of the District Court. Their suits have frequently presented the delicate problem of distinguishing between unseaworthiness and negligence in passing upon the conduct or neglect which causes libelant's injury. Brabazon v. Belships Co., 3 Cir., 202 F.2d 904; Gladstone v. Matson Navigation Co., 124 Cal.App.2d 493, 269 P.2d 37. Thereafter, they have confronted the court with the additional problem of placing responsibility for the injury upon the shipowner or the stevedoring contractor, depending upon the court's holding with respect to unseaworthiness or negligence. Cf. Petterson v. Alaska Steamship Co., 9 Cir., 205 F.2d 478.

Such litigation properly falls within the spirit, scope and general framework of compensation legislation rather than within the realm of a judicial review.

■ This type of "borderline" case would be better and more equitably dealt with exclusively under the Longshoremen's and Harbor Workers' Compensation Act.

However, after reviewing all of the evidence with respect to damages, both general and special, the court finds li-

belant is entitled to recover the sum of $2,000 from respondent.

Libelant to prepare Findings of Fact and Conclusions of Law in accordance with this order.