**ACE TRACTOR & EQUIPMENT CO., Inc., Appellant,**

v.

**OLYMPIC STEAMSHIP CO., Inc., Appellee.**

**No. 14330.**

United States Court of Appeals Ninth Circuit.

Nov. 8, 1955.

Lillick, Geary & McHose, Gordon K. Wright, Los Angeles, Cal., for appellant.

Lasher B. Gallagher, San Francisco, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and WIIG, District Judge.

WIIG, District Judge.

The question presented on this appeal is whether Olympic Steamship Company, Inc., the bareboat charterer of a merchant vessel, is entitled to indemnity from Ace Tractor and Equipment Company, Inc., the voyage charterer, for sums expended in settling a claim of a seaman for injuries received during loading operations conducted by Ace Tractor aboard the ship.

Olympic entered into a Voyage Charter Party whereby Ace Tractor chartered the merchant vessel for a voyage from San Francisco to Alaskan waters and return. The Charter Party provided in part as follows:

"The Charterer agrees to provide and pay for workmen's compensation, job liability and other insurance required by law or custom upon stevedores or other workmen employed by or performing any of the duties of the Charterer hereunder at all ports or places of loading and discharging and will furnish the Owner upon demand a certificate of such insurance. The Charterer agrees to pay for all stevedore damage and to indemnify the Vessel and the Owner for any damage or expense caused by the act or neglect of the Charterer or its Agents or contractor appointed by the Charterer or performing any of its duties in the loading or discharging of the Vessel or from failure of equipment supplied by them."

Calvin H. Sides, a radio operator and seaman employed by Olympic, was helping with the loading operations in the number 4 hold of the vessel when it was in Amchitka, Aleutian Islands. Ace Tractor was in charge and control of the work, and one of its employees operating a winch attempted to pull or drag a sling load of steel mats, weighing approxi-

mately two thousand pounds, toward the side of the hold. A steel wire strap used in the operation parted and caused the load to strike Sides, injuring him seriously.

Sides filed an action for damages in the United States District Court of Washington against Olympic, alleging unseaworthiness and negligence as grounds for recovery. He also filed an action in the Superior Court of the State of California against Ace Tractor for damages on the theory of the latter's negligence. Neither of these cases went to trial, as a compromise settlement was reached in the first, whereby Sides was paid $14,000 by Olympic for which he executed a release and also dismissed with prejudice the action in the state court.

Thereafter, Olympic brought a libel in personam against Ace Tractor, seeking indemnity under the terms of the Charter Party, or in the alternative, contribution as a joint tort-feasor. The trial court awarded Olympic indemnity for all sums expended by it in the compromise settlement, finding that the negligence of Ace Tractor in knowingly keeping an incompetent winch driver and the parting of the steel strap brought on board the ship by Ace Tractor were the proximate causes of the injuries to Sides.

Ace Tractor contends that Olympic paid Sides as a volunteer and therefore cannot now recover over from Ace Tractor, and secondly that if payment was made because of liability, Olympic was liable as a joint tort-feasor only and, being such, the law precludes contribution.

■ It is our opinion that Olympic was not a volunteer when it settled Sides' claim for damages. The settlement was made to discharge a liability which the law imposed on Olympic. As a shipowner, it guaranteed to the seamen the seaworthiness of the vessel, its appliances, and crew. For breach of this warranty, liability attaches to the shipowner, regardless of fault, and the warranty has been expanded to include stevedores working aboard ship. Moreover, it has been held that injuries to a seaman due to unseaworthiness caused by a stevedoring company, as contrasted to the shipowner himself, constitute grounds for liability as against the shipowner. Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Petterson v. Alaska S. S. Co., 9 Cir., 1953, 205 F.2d 478, affirmed, 1954, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798.

■ The trial court found that the parting of the strap was due to a defect and that it was unseaworthy. It was reeved through a limber hole in the side of the ship, and attached to a snatch block. Winch falls, connected to loads in the square of the hatch, were in turn reeved through the snatch block, and they, powered by a steam cog winch, moved the loads into the wings of the hold. The strap had a breaking point of fourteen to fifteen tons, its safe working load was three tons, and at the time of the accident it was being used to carry loads weighing only a little more than a ton. The ship's gear being used in connection with this operation was tested for five tons. No evidence was adduced relating to the condition of the strap prior to the accident, however, the record reveals that after the accident, except for the rupture, it looked "fairly new."

Aside from the fact that the record discloses incompetency on the part of the winch driver, there is no evidence that the operating procedure was abnormal or that the strap was not used in a customary manner. Under these circumstances, the trial judge could logically infer that the strap would not have broken unless it was defective. Petterson v. Alaska S. S. Co., supra, 205 F.2d at page 479.

■ There was ample evidence to support the trial court's finding that the offending strap was owned by Ace Tractor. An employee of Ace Tractor in charge of the loading operations testified, " * * * to the best of my knowledge, I would say that it was ours * * * ". The master of the ship testified that he had observed straps similar to the one which

277

broke brought on board the ship by Ace Tractor, and that since all such equipment was to be furnished by Ace Tractor, the strap in question was theirs. Even though the trial court's finding in this respect was based on testimony contained in depositions of the witnesses, we are not disposed, after reading the record, to reverse the finding.

The Charter Party provided for indemnification by Ace Tractor in the event any "damage or expense" was caused Olympic "from failure of equipment supplied by" Ace Tractor. Under the terms of the contract, the award of $16,250.85 as indemnity was properly made.

The judgment having been correctly based on findings of fact and conclusions of law allowing recovery on the cause of action seeking indemnity against Ace Tractor, we deem it unnecessary to discuss the problem of contribution as a joint tort-feasor which was pleaded in the second cause of action.

The judgment is affirmed.