**TEXAS MENHADEN COMPANY,**
Appellant,

v.

**Paul JOHNSON, Appellee.**

No. 20713.

United States Court of Appeals
Fifth Circuit.

May 13, 1964.

* Of the D.C.Circuit, sitting by designation.

Jep S. Fuller, James S. Fuller, Fuller & Fuller, Port Arthur, Tex., for appellant.

Woodson E. Dryden, Beaumont, Tex., for appellee.

Before HUTCHESON, PRETTYMAN * and JONES, Circuit Judges.

PER CURIAM.

This is an appeal from a district court judgment which held the Texas Menhaden Company liable for injuries sustained by the libelant, Paul Johnson, due to the unseaworthiness of a crane on one of the company's fishing boats.

This fishing operation is carried out by small boats which spread a net, around the bottom of which runs a line called a purse line. This line runs through a block on a steel crane on one of the boats. Johnson was handling the line when the crane suddenly bent in the middle, and the line caught his hand against a spool.

Appellant asserts error in the trial court's finding that the crane was unseaworthy. We hold the court to have been correct, and its decision must be affirmed.

The doctrine of unseaworthiness is a species of strict liability for injuries resulting from an unsafe condition upon a vessel. Although the shipowner is not an insurer, his duty is to provide a vessel and equipment reasonably suited for its intended service.[1] And it is settled law that failure of a piece of equipment under proper and expected use is a sufficient predicate for a finding of unseaworthiness.[2]

The company suggests that the line must have become snagged on submerged debris, since the crane would not ordinarily have bent without some such unusual pressure. But there is no evidence as to the nature of the snag, if there was one, and so there is no basis for a finding that the difficulty was one not reasonably foreseeable. The evidence establishes that menhaden fishing is carried out in shallow water and that it is not uncommon for the lines and nets to foul. One witness testified that they "could foul up everytime you put them overboard if there's anything on the bottom." And a witness experienced in this sort of operation said that if a steady pressure on the line was encountered the vessel would capsize before the crane bent. The vessel carried a spare crane. Thus from all the evidence it appears that while pressure resulting from a fouled purse line may not be a regular occurrence, it is not unexpected in the normal menhaden operation. The finding of unseaworthiness was not clearly erroneous.

Affirmed.

---

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

1. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960). See also Mosley v. Cia, Mar. Adra, S.A., 314 F.2d 223, 227 (2d Cir. 1963), cert. denied 375 U.S. 829, 84 S.Ct. 73, 11 L.Ed. 2d 61; Mesle v. Kea Steamship Corp., 260 F.2d 747, 750–751 (3d Cir. 1958),

cert. denied 359 U.S. 966, 79 S.Ct. 875, 3 L.Ed.2d 834, and cases cited therein.

2. Vega v. The Malula, 291 F.2d 415, 419–20 (5th Cir. 1961); See Petterson v. Alaska S.S. Co., 205 F.2d 478 (9th Cir. 1953), aff'd 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798 (1954); cf. R. T. Jones Lumber Co. v. Roen Steamship Co., 270 F.2d 456, 458 (2d Cir. 1959).