**PACIFIC FAR EAST LINE, INC., a Corporation, Appellant,**

v.

**JONES STEVEDORING CO., a Corporation, Appellee.**

No. 19557.

United States Court of Appeals Ninth Circuit.

June 2, 1965.

Jay T. Cooper, Eric J. Schmidt, Dorr, Cooper & Hayes, San Francisco, Cal., for appellant.

Robert Sikes, Los Angeles, Cal., for appellee.

Before BARNES, KOELSCH and ELY, Circuit Judges.

BARNES, Circuit Judge:

Longshoreman Ernest Pahland successfully concluded a libel against appellant for injuries sustained in the course of loading operations on appellant's ship: After judgment was entered in Pahland's favor, appellant brought this action against the stevedoring company for indemnification in the total amount of $22,227.48 (the sum of Pahland's judgment plus costs and attorney's fees). The present appeal in this admiralty matter arises from the decision of the district court rejecting appellant-shipowner's claim for indemnification.

The accident in question took place during appellee's loading operations of safflower seed on appellant's vessel. Pahland's injuries were sustained as he descended one of the ship's ladders which was extended from the ship's deck into a deep storage tank. It is undisputed that the immediate cause of the injuries was a protruding piece of steel against which Pahland struck his knee in the course of his descent. This protrusion resulted in a finding that the ship was unseaworthy, and was the basis for permitting Pahland to recover from appellant in the principal action. In light of the strict liability that a shipowner assumes in maintaining his vessel in a seaworthy condition, Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960); Rogers v. United States Lines, 347 U.S. 984, 74 S.Ct. 849, 98 L.Ed. 1120 (1954); Petterson v.

Alaska S.S. Co., 205 F.2d 478 (9th Cir. 1953), aff'd per curiam 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798, reh. denied 347 U.S. 994, 74 S.Ct. 848, 98 L.Ed. 1127 (1954), there can be little doubt that the finding of liability in the principal action was proper. In the present action, however, a different legal standard must be applied. A stevedore impliedly warrants to the shipowner that it will perform its activities in a workmanlike manner, i. e., it warrants "workmanlike service." Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964); Weyerhaeuser S. S. Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958); Ryan Stevedoring Co. v. Pan-Atlantic Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). Additionally, by express contract, appellee in this matter warranted that:

"Any and all work undertaken by the stevedoring company will be prosecuted with reasonable dispatch and will be done in a proper and careful manner. * * *"

If the stevedoring activities in the present situation resulted in a breach of these implied or express warranties, appellant has a right to indemnification notwithstanding a finding that appellant maintained its ship in an unseaworthy condition. This statement of the appropriate law is supported by the recent Supreme Court decision in Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., supra, which sought to resolve the conflicting precedents which had existed theretofore. The Supreme Court there made it clear that a shipowner possesses a right to indemnification against a stevedore who breaches his implied warranty of workmanlike performance, even if it is found that the shipowner has acted negligently and the stevedore has not. The Supreme Court issued the following pronouncements, which are binding on us in the present case:

"[T]he absence of negligence on the part of a stevedore who furnishes defective equipment is not fatal to the shipowner's claim of indemnity based on the stevedore's implied warranty of workmanlike service." Id. 376 U.S. at 318, 84 S.Ct. at 750. "[T]he stevedore's obligation to perform with reasonable safety extends not only to the stowage and handling of cargo but also to the use of equipment incidental thereto * * * including defective equipment supplied by the shipowner * * * and * * * the shipowner's negligence is not fatal to recovery against the stevedore." Id. 376 U.S. at 319–20, 84 S.Ct. at 751.

Appellant here claims that the protruding piece of steel was not the only proximate cause of Pahland's injuries. It is appellant's contention that Pahland only struck the protruding piece because the ladder he was descending slid as the result of improper securing. Appellant argues that the stevedore was obligated to secure the ladder in a workmanlike manner and, by not doing so, must be held to indemnify the shipowner.

We agree with appellant's interpretation of the applicable legal principles. Adequate proof of an unworkmanlike performance by appellee in the use of the ladder in question would entitle appellant to indemnification for breach of implied warranty. But fatal to appellant's cause is the inescapable fact that the evidence in the record does not sufficiently support appellant's construction of the relevant facts.

■ We have carefully read the record in its entirety. We conclude from that reading that ample evidence exists to support the district court finding that the condition of the ladder was not a proximate cause of Pahland's injuries (Finding 13, Tr. 40), and to support the finding that appellant had not sufficiently established its claim that "Jones Stevedoring Company failed to do its stevedoring operations in a workmanlike manner or with reasonable safety." (Finding 12, Tr. 39–40.) The court below found the sole proximate cause of the accident and the longshoreman's injuries

was the unseaworthiness of the vessel caused by the bent steel guard. Finding 12 (Tr. 39) establishes that appellee had nothing whatsoever to do with the bent steel guard and knew nothing of its existence prior to the accident.

The testimony of Pahland himself raises serious doubt that the ladder ever slipped (R. Tr. 86–87, 91, 102, 120), or that the ladder was improperly fastened with only one line (R. Tr. 87–91, 99, 103–04, 120). The burden of proof was concededly on appellant. (Reply Br. 14) The doubt thus raised leads us to conclude that the findings of fact of the district court are not "clearly erroneous." This is the extent of our power to review the factual findings of the court below. Rule 52(a), Federal Rules of Civil Procedure. We are not of "the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

We affirm.

Rives, Circuit Judge, dissented.