**Aaron DANIEL, Appellant,**

v.

**SKIBS A/S HILDA KNUDSEN and Christian Haaland and Boise-Griffin Steamship Company, Inc.**

**No. 15965.**

United States Court of Appeals Third Circuit.

Argued Oct. 20, 1966.

Decided Nov. 3, 1966.

Benjamin Kuby, Philadelphia, Pa., (Klovsky, Kuby & Harris, Philadelphia, Pa., on the brief), for appellant.

T. J. Mahoney, Philadelphia, Pa., (Joseph A. Barone, Krusen Evans & Byrne, Philadelphia, Pa., on the brief), for appellees.

Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.

PER CURIAM:

The plaintiff was injured in the course of stacking bales of licorice root in a warehouse belonging to MacAndrews & Forbes Company in Camden, New Jersey. The bales of licorice root, which were owned by MacAndrews & Forbes and consigned to them, had been discharged from the defendants' vessel, the Concordia Fonn, by two gangs of longshoremen onto flat railroad cars owned by MacAndrews & Forbes and standing on tracks on its pier alongside the vessel. As the cars were loaded they were pulled along the tracks leading from the pier to one of MacAndrews & Forbes'

warehouses on shore by an engine owned by MacAndrews & Forbes and operated by one of its employees. The bales were unloaded from the flat cars, brought into the warehouse by forklift trucks and dropped on the warehouse floor. It was at this point that the gang of laborers, of which the plaintiff was a member, which had been hired by Murphy Cook Company, the stevedoring firm which had also provided the two gangs of long-shoremen working at ship's side, took the bales over and stacked them in the warehouse. The bales were raised by means of a rope and tongs device rigged through a block suspended from the ceiling by a hanger rope. All this equipment, except the block, was owned by MacAndrews & Forbes. The plaintiff's job was to hook the tongs to a bale and give the signal to raise it. He was injured when the hanger rope supporting one of the lifting devices broke causing the block to fall on him.

Alleging himself to have been a longshoreman engaged in the unloading of the Concordia Fonn the plaintiff sued the defendants as owners of the vessel for damages for his injuries based upon the unseaworthiness of the hanger rope which was claimed to be an appurtenance of the vessel. Upon the trial of the case in the district court the jury rendered a verdict for $10,000.00 in favor of the plaintiff. Thereafter upon motion of the defendants the court entered judgment in their favor n. o. v. In directing the entry of judgment n. o. v. District Judge Joseph S. Lord III filed a well reasoned opinion, 253 F.Supp. 758, in which he stated the facts, carefully analyzed the authorities, and concluded that the facts did not support the jury's finding that the plaintiff was engaged in unloading the vessel, because the unloading ended with the delivery of the cargo to the consignee, MacAndrews & Forbes, on board their flat cars. So holding, he did not pass upon the question whether the rope of MacAndrews & Forbes which broke in the warehouse and caused the plaintiff's injury was an appurtenance of the vessel which was covered by the warranty of seaworthiness. Finding ourselves in complete accord with the reasoning and conclusions of Judge Lord we affirm the judgment for the reasons well stated in his opinion.

We merely add that in our opinion the judgment finds support also in the fact that the rope belonging to the consignee and in its warehouse on shore, the breaking of which caused the plaintiff's injury, could hardly be regarded as a part of the ship's tackle or an appliance appurtenant to the vessel which her owners were required to maintain in good workable condition under their warranty of seaworthiness. Compare Crumady v. The Joachim Hendrik Fisser, 1959, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413; Thompson v. Calmar Steamship Corporation, 3 Cir. 1964, 331 F.2d 657; Spann v. Lauritzen, 3 Cir. 1965, 344 F.2d 204.

The judgment of the district court will be affirmed.