**Edward NITKOWSKI, Plaintiff and Appellee,**

v.

**PRUDENTIAL-GRACE LINES, INC., Defendant and Appellant.**

**No. 71-2251.**

United States Court of Appeals, Ninth Circuit.

Aug. 16, 1972.

John R. Brooke (argued), of Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for defendant-appellant.

Nathan J. Heath (argued), of Fredrickson, Heath, Weisensee, Barton & Cox, Portland, Or., Hugh J. Potter, of Blair, Schaefer, Hutchinson & Wynne, Vancouver, Wash., for plaintiff-appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM.

In this admiralty case, the trial judge found that the ship was unseaworthy and the ship's master was negligent; therefore, he awarded Edward Nitkowski, the injured Chief Officer, $104,000. We affirm.

The accident occurred while the steamship Santa Regina was in the process of docking port side to Fischer's Dock No. 2 (Seattle, Washington). Nitkowski was in charge of what was happening on the bow during the docking.

The ill-fated docking, which cannot be described in prairie or desert terms, is at the heart of this case. First, the spring line was made fast to the bollard on the dock; then the slack was taken in by heaving on the anchor windlass; at this point, Nitkowski went forward and started a head line out to the dock; then he returned to check the tension on the spring line; as he put his foot up to feel the tension on the line it parted and he was seriously injured.

If the spring line was put to a proper use in a proper manner, it is logical to infer that it would not have broken unless it was defective—that is, unless it was unseaworthy. Petterson v. Alaska S. S. Co., 205 F.2d 478 (9th Cir., 1953). Since there is ample evidence in the record that the spring line was properly deployed and properly used, it was hardly "clearly erroneous" to conclude that the spring line was unseaworthy.

Since we affirm the finding that the ship, or, more precisely, a very relevant part of the ship, was unseaworthy, we need not reach the negligence issue.

Affirmed.