Bong Soo LEE, Plaintiff-Appellee,

v.

PACIFIC FAR EAST LINE, INC.,
Defendant-Appellant.

No. 76–1800.

United States Court of Appeals,
Ninth Circuit.

Dec. 19, 1977.

Harvey I. Wittenberg (argued), of Dorr, Cooper, & Hays, San Francisco, Cal., for defendant-appellant.

Jon P. Camp (argued), of Sullivan, Johnson, Graham & Cavin, San Francisco, Cal., for plaintiff-appellee.

Before ELY and WALLACE, Circuit Judges, and BYRNE, Jr., District Judge.*

WM. MATTHEW BYRNE, Jr., District Judge:

Appellee Lee brought this action to recover for personal injuries sustained while working as a standby maintenance man on appellant's vessel. The case was presented to the jury on the theories of both negligence under the Jones Act, 46 U.S.C. § 688,[1] and unseaworthiness under general maritime law.

The jury returned a general verdict in favor of appellee in the amount of $48,300. Appellant's post-trial motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, was denied.

Appellant appeals on the grounds that: (1) the evidence was insufficient to support the general verdict on the ground of unseaworthiness; (2) the jury was improperly instructed as to Lee's status as a "member of the crew" under the Jones Act and as a result any verdict based upon negligence would be improper; and (3) assuming the challenged instruction was correct, the evidence was insufficient to support the general verdict on the ground of negligence.

Appellee is a seaman with some twenty years of experience as a ship's refrigerator maintenance man (reefer). On April 12, 1972, he was dispatched by the union as a "standby reefer" aboard the S.S. Monterey, owned by appellant and then in drydock. The crew had been laid off the previous day, and appellee was the only reefer aboard the ship.

On boarding the vessel, Lee was told by the chief engineer to activate the refrigeration plant and lower the temperature in the refrigerator boxes. After starting up the plant, appellee noticed that the door to one of the refrigerator boxes had been left open. Sometime later, he checked the temperature indicator for that box and determined that the temperature was not dropping at the rate it should have been. He believed that the valve which allows coolant to flow around the box might have been partially closed, restricting the flow of coolant.

The parties differ as to the proper position of the refrigerator valve during the cooling process. Appellant presented evidence that the valve should be fully open or else it would leak. Appellee testified that the valve should be opened fully and then backed off a quarter or half a turn, otherwise the metal in the valve would expand, causing it to become stuck. He further stated that a valve so positioned would neither leak nor stick.

The valve had a four-inch diameter handle and was located outside of and above the refrigerator box. Lee could not by mere visual inspection determine the position of the valve. The only way to check its position was to operate it.

As he could not reach the valve, Lee looked for a ladder or portable reach rod. Finding neither, he placed a metal garbage can under the valve and stood on the lid of the can. Reaching over his head with one hand, Lee attempted to turn the valve wheel but it would not budge. He tried to move the valve in the opposite direction but was unsuccessful. He then attempted to turn the valve with two hands, first one way and then the other. As Lee applied an increasing amount of force, the valve,

---

* Honorable Wm. Matthew Byrne, Jr., United States District Judge, Central District of California, sitting by designation.

1. Section 688 provides:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.

which had been stuck in the fully open position, eventually began to turn toward the closed position. As the valve started to move, Lee felt a "pop" in his lower back. In order to prevent the valve from sticking again, Lee returned the valve to its fully open position and then set it back a quarter turn.

The next day, Lee went to the United States Public Health Hospital for treatment for what was diagnosed as a low back strain. Due to a congenital back abnormality, the symptoms became quite disabling.

Before the jury was instructed, appellee abandoned his earlier contention that he was not furnished proper tools and equipment, and the case went to the jury solely on the theory that the stuck coolant valve caused the injury to his back.

I. *Sufficiency of the Evidence Regarding Unseaworthiness.*

■ A shipowner has the duty to every seaman employed on board the ship[2] to furnish a vessel and its appurtenances that are reasonably fit for their intended use. *Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539, 550, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960). This duty includes maintaining a ship's equipment in proper operating condition. *Mahnich v. Southern Steamship Co.,* 321 U.S. 96, 104, 64 S.Ct. 455, 88 L.Ed. 561 (1944). The failure of a piece of vessel equipment under proper and expected use is sufficient to establish unseaworthiness. *Usner v. Lukenbach Overseas Corp.,* 400 U.S. 494, 499, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971); *Texas Menhaden Co. v. Johnson,* 332 F.2d 527, 528 (5th Cir. 1964); *Petterson v. Alaska Steamship Co., Inc.,* 205 F.2d 478 (9th Cir. 1953), aff'd, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798 (1954).

■ Evidence was presented that a coolant valve when opened should be turned back a quarter or half turn to prevent it from sticking and that the valve in question was frozen in the fully open position. This evidence was sufficient for the jury to conclude that the coolant valve left in a fully open position was not reasonably fit for its intended use and was sufficient to warrant a verdict for appellee on his unseaworthiness claim.

II. *Appellant's Contentions under the Jones Act.*

In order to return a verdict for Lee on the basis of negligence, the jury had to find that he was "a member of the crew" under the Jones Act. Appellant contends that the trial court erred in instructing the jury on the meaning of the term "member of the crew" and that inasmuch as it is impossible to determine whether or not the general verdict was based solely on negligence, the judgment below must be reversed.

We disagree. Even if the trial court erred in its instruction, the jury in this case could not have found negligence without also finding unseaworthiness.

■ In defective equipment cases, the concept of unseaworthiness "swallows" any notion of liability based upon maritime negligence. *American President Lines, Ltd. v. Redfern,* 345 F.2d 629, 631 n. 1 (9th Cir. 1965); *Clevenger v. Star Fish & Oyster Co.,* 325 F.2d 397, 402 (5th Cir. 1963); *Curry v. United States,* 327 F.Supp. 155, 161 (N.D. Cal.1971). See 1B *Benedict on Admiralty* § 21 (6th ed. 1976). In such cases, the evidentiary showing required to establish negligence also establishes unseaworthiness because the former requires actual or constructive knowledge while the latter is predicated without regard to fault or the use of due care. Thus, where the claim is based solely on defective equipment and there is no contested issue of proximate cause, if a jury finds negligence it would have to find unseaworthiness.

**2.** Prior to the 1972 Amendments to the Longshoreman's and Harbor Worker's Compensation Act, the warranty of seaworthiness ran to shore workers as well as seamen. As the 1972 Amendments are prospective in application only and as his injury occurred prior to their effective date, Lee is a proper plaintiff even if he were not held to be a member of the crew of the S.S. Monterey.

Applying these rules to this case, the jury's general verdict must have been based on either a finding of unseaworthiness alone or unseaworthiness and negligence; it could not have rested upon negligence alone. Hence, even supposing that the jury found for Lee on his Jones Act claim and that the finding was rendered invalid by an erroneous jury instruction, the invalidity of that finding would not undermine a finding of unseaworthiness, which must have been present for the jury to return a general verdict for plaintiff. Since we have already determined that the evidence was sufficient to sustain a finding of unseaworthiness, the general verdict must be sustained, and it becomes unnecessary to determine whether the jury instruction was proper or to inquire whether there was substantial evidence to support a finding of negligence under the Jones Act.

The judgment of the district court is affirmed.