SAMUEL, Judge.
Plaintiff filed this suit for personal injuries sustained by him in a fall from a wharf. The two defendants, the owner of the wharf and his liability insurer, answered denying any fault on their part and alternatively pleading contributory negligence and assumption of the risk on the part of plaintiff. Defendants have appealed from a judgment awarding plaintiff $400 for his injuries and $80.50 for medical expenses.
The accident happened at a marina in Empire, Louisiana, where the defendant-insured rented dock space to charter boat operators. More particularly insofar as this case is concerned that defendant rented dock space to the operator of the boat Sea Queen. Plaintiff was a member of a group *376 who had chartered the Sea Queen for the purpose of going fishing. Arriving at Empire shortly before 4 a. m., they inquired at the marina office as to the location of the Sea Queen but were unable to find out exactly where the boat was moored.
Plaintiff and two other members of his party then began walking on a canal wharf looking for the Sea Queen. They passed a large, well lighted charter boat, the Miss Mississippi, moored in the canal parallel to the wharf and proceeded into a darker area. The next boat they came to had been backed into a slip, which slip had been cut into the wharf from the canal at an angle, and moored. After passing this boat they came to another boat similarly moored in a similar slip. Plaintiff stepped off the wharf and fell into the slip between the stern of this last mentioned boat and the land end of the slip, sustaining an injury to his ankle.
The trial court judgment is based on a finding that, by reason of inadequate lighting only, the defendant-owner failed to discharge his duty of providing to the plaintiff-invitee a wharf which was reasonably safe and that the plaintiff was not guilty of contributory negligence. We deem it expedient to consider first the plea of contributory negligence. If the record shows there was negligence on the part of plaintiff which contributed proximately to his accident, it becomes unnecessary to determine whether the defendants were guilty of primary negligence. Dyer v. Travelers Insurance Company, La. App., 159 So.2d 788, and cases cited therein.
The only persons who saw the occurrence of the accident were plaintiff and the two members of his party on the wharf with him. Two of these, the plaintiff and one of those two members of his party, appeared as witnesses on behalf of plaintiff and their testimony constitutes all of the evidence contained in the record relative to the manner m which the accident happened.
On this point plaintiff, who was employed' as a general foreman of outfitting» docks by a shipbuilding concern, testified: The boat occupying the first slip after they had passed the Miss Mississippi had been backed in and moored so that its stern was snug-against the land end of the slip. He assumed all the boats in the slips, particularly the-one moored in the slip into which he fell, were moored in the same fashion, i. e., with their sterns snug against the land ends of' the slips. He “judge (d) his direction from-the transom of the boat” he was approaching- and continued walking under the impression he was proceeding safely on the wharf to the land side of the land end of the slip. But this boat was moored so that its stern was 3 or 4 feet from that end of the slip and he-stepped off the wharf and fell into the slip' between the end of the slip and the boat’s, stern.
On the same point, the witness who had been on the wharf with plaintiff searching-for the Sea Queen testified: After they passed the Miss Mississippi he and the plaintiff had been “hollering” across the canal for the Sea Queen. He was walking-just in front of plaintiff and to the latter’s left and both of them were looking across-the canal for the Sea Queen. He saw the end of the slip to his right and turned tO' tell plaintiff to be careful but just as he turned plaintiff fell into the slip.
According to his own testimony, plaintiff assumed all of the boats in the slips had been backed in and moored with their sterns-snug against the land end of each slip. He relied and acted on this completely unwarranted assumption when he reached the-slip into which he subsequently fell. At that time he knew the slip and the boat therein were in his path and he determined his position solely from his observation of the transom of the boat. It is clear from the manner-in which plaintiff used the word “transom”' in his testimony, and from the fact that he- *377 was regularly employed in the shipbuilding industry, that he knew the meaning of the word. The transom of a boat consists of any of several transverse timbers or beams secured to the sternpost.
As the transom is the aftermost frame of the stern, we cannot understand how the ■plaintiff, by proper observation, could have ■seen the transom of the boat in front of Rim without also seeing the land end of the slip and the 3 or 4 foot open space between the boat’s stern and the end of the slip. Certainly he could and should have observed that the boat’s stern was not snug against the end of the slip as he had assumed. We are satisfied that plaintiff paid more attention to looking across the canal and shouting for the Sea Queen than he did to watching where he was walking. He would Rave seen the open portion of the slip, as his companion did, if he had been more careful.
In the interest of his own safety plaintiff was required to exercise reasonable care under the circumstances. And -under the circumstances here present, where ■vision was obscured by an insufficiency of light (we assume such an insufficiency for •our discussion relative to contributory negligence), he was required to act with greater circumspection than ordinarily would have 'been the case. We hold that plaintiff failed to so act and conclude that he was guilty of ■negligence which contributed directly and ■proximately to his accident. His contributory negligence bars any recovery and renders unnecessary a determination of whether the defendants were guilty of primary negligence.
For the foregoing reasons, the judgment .appealed from is reversed and it is now ordered that there be judgment in favor -of the defendants, Louis Battistella, d/b/a Battistella Marina, and New Amsterdam Casualty Company, and against the plaintiff, Leslie Sons, dismissing said plaintiff’s demand; all costs in both courts to be paid by the plaintiff-appellee.
Reversed and rendered.