James C. TULLIS, Appellant,

v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK et al., Appellees.

No. 25455.

United States Court of Appeals
Fifth Circuit.

July 1, 1968.

---

Philip E. Henderson, of O'Neal, Waitz & Henderson, Houma, La., for appellant.

Maurice J. Wilson, of Breazeale, Sachse & Wilson, Baton Rouge, La., for appellees.

Before TUTTLE and DYER, Circuit Judges, and MEHRTENS, District Judge.

MEHRTENS, District Judge:

This appeal is from an order granting defendants motion to dismiss for lack of jurisdiction, and judgment thereon.

The sole question is the sufficiency of the complaint.

Plaintiff alleged in his complaint and asserted in the pre-trial stipulation that: On February 23, 1964 he was a fishing tool supervisor employed by Houston Oilfield Material Company and as such made a trip to and from the Wheless Drilling rig No. 8 located in navigable waters on a crew boat "The Danny Boy" which at the time was "working for and as an agent of defendant Wheless Drilling Company." Having performed his job he was brought back by the crew boat to the dock Wheless had directed plaintiff to use. While debarking the accident occurred. The "dock" extended seaward from a single row of pilings, behind which was a washed out area. To debark from the crew boat plaintiff had to step from its stern, which was backed up to the pilings, onto a thin single plank lying with one end on a piling and the other end on shore spanning the washed out area between the pilings and the shore. There were no handrails or grabrails. As a proximate result "of the unsafe condition of the means of egress from the crew boat" plaintiff, while debarking, fell into the washed out area between the piling and the bank and was injured.

The trial court agreed with defendants' argument that the piling and plank constituted an "extension of land" and that the resultant injury was therefore not cognizable in admiralty. Since the diversity action was prescribed by the Louisiana Statute, the complaint was dismissed.

Although plaintiff at the time of the accident may or may not have been a crew member under the rule in Seas Shipping Co. v. Sieracki, 328 U.S. 85, 65 S.Ct. 872, 90 L.Ed. 1099 (1946), he at least had the status of a passenger receiving maritime transportation from Wheless Drilling Company. Spencer Kellogg & Sons, Inc. v. Hicks, 285 U.S. 502, 52 S.Ct. 450, 76 L.Ed. 903 (1932); Fidelity & Casualty Co. of New York v. C/B Mr. Kim, 345 F.2d 45 (C.A. 5, 1965). The principles involving liability to passengers differ little from those in use ashore. The liability basis is negligence with the only apparent exception being the unconditional responsibility of the carrier for the misconduct of the crew toward the passengers. The "negligence", of course, may consist of the failure to provide or maintain a reasonably safe means for a passenger to debark. The failure to provide a reasonably safe means of debarking, with

consequent injury to the passenger, is a tort within admiralty jurisdiction. See Kermarec v. Compagnie Generale Trans-Atlantique, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959); Marshall v. Westfal-Larsen & Co., 259 F.2d 575 (C. A. 9, 1958); Lampka v. Wilson Line of Washington, Inc., 117 U.S.App.D.C. 55, 325 F.2d 628 (1963). In this case the alleged breach of duty to provide a reasonably safe means of debarking is negligence by the defendant which occurred immediately prior to and during debarking.

■ The plaintiff seeks to establish a breach of duty as a maritime tort for negligence occurring upon the vessel while in navigable waters. Though injury may occur ashore at a time and place not remote from the wrongful act, where the tortious act occurs aboard ship, by the ship or its personnel, there is admiralty jurisdiction. Gutierrez v. Waterman Steamship Corp., 373 U.S. 206, 210, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963). Here the alleged negligence occurred immediately prior to and during debarkation. The substance and consummation of the occurrence took place before plaintiff arrived upon a solid pier or land and is therefore within admiralty jurisdiction. This Court has not been cited nor have we found any case holding that a row of pilings connected to shore by a single plank over nine or ten feet of water, is in any way analogous to a fixed pier or wharf, which are considered extensions of land, thereby limiting recovery for injuries to local law. It is indisputable that the plank was used to provide ingress and egress from the crew boat over water and in that sense could be considered a part of the vessel's equipment in lieu of the usual or customary gangplank. In such case The Admiral Peoples, 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633 (1935), holding that a gangplank is considered a part of the ship so that injuries which occur thereon are within admiralty jurisdiction, would apply. In any event it is clearly alleged that defendant breached its duty to provide and maintain a reasonably safe means of debarking and that as a proximate result plaintiff was injured. It was, therefore, error to dismiss the complaint for lack of admiralty jurisdiction.

Plaintiff also alleges a third party beneficiary status under any contract Wheless might have had with the owners of the crew boat. Defendant, in its brief asserts the crew boat was under time charter. The trial court made no ruling as to this and no contract is in the record before us.

We, of course, are not here passing on the ultimate rights of these parties or the merits of their claims which can and will be determined when the cause is tried on the merits. We merely hold that the complaint states a claim within admiralty jurisdiction and should not have been dismissed for lack of such jurisdiction.

Reversed and remanded for further proceedings.