**Mack J. MOORE**

v.

**PHILLIPS PETROLEUM CO., et al.**

**Civ. A. No. 87–5639.**

United States District Court,
E.D. Louisiana.

Oct. 6, 1988.

Henderson, Hanemann & Morris, Philip E. Henderson, Houma, La., Jay N. Tolley, Fayetteville, Ark., for plaintiff.

Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, James H. Daigle, Trial Atty., Allen J. Krouse, III, Kent Ryan, New Orleans, La., for Odeco Oil & Gas Co. and Phillips Petroleum Co.

Galloway, Johnson, Tompkins & Burr, James M. Tompkins, Trial Atty., New Orleans, La., for Co–Mar Offshore Marine Corp. and Angelina Cas. Co.

Johnson & McAlpine, Michael L. McAlpine, Trial Atty., R. Edward Blanchard, New Orleans, La., for Certain Institute of London Underwriters.

## ORDER AND REASONS

ARCENEAUX, District Judge.

This matter comes before the Court on motion for summary judgment filed by ODECO Oil and Gas Company ("ODECO"), seeking summary judgment on the plaintiff's claim against it under 33 U.S.C. § 905(b). Having thoroughly reviewed the record, the memoranda of counsel and the law, the Court has determined that summary judgment is appropriate for the reasons set forth hereinafter.

The plaintiff, Mack J. Moore ("Moore"), has sued ODECO for injuries allegedly sustained on August 25, 1987, while he was employed by ODECO as a production worker. Specifically, he claims to have been injured while swinging by a rope from the M/V C–DICTATOR to a fixed platform, Well Jacket # 33, owned by ODECO and Phillips Petroleum Company and located on the Outer Continental Shelf off the coast of Louisiana. The vessel was owned and operated by Co–Mar Offshore Marine Corpo-

ration ("Co–Mar"), and under time-charter to ODECO. The plaintiff claims that the rope, owned by ODECO and attached to Well Jacket # 33, parted during his swing, causing him to fall to a landing on the platform.

In this motion, ODECO claims that it did not exercise sufficient control and responsibility over the vessel to be liable under Section 905(b), that any negligence on the part of ODECO was not vessel related, and that ODECO was not negligent. The plaintiff claims that ODECO, as time-charterer of the vessel, was negligent under Section 905(b):

> ...in dispatching its chartered vessel, with passengers, to the satellite platforms when it had actual knowledge that the passengers would have to debark the vessel by means of manila ropes which could not have been properly inspected, which were known to be in an ongoing deteriorating process and as to which there was in fact no records kept as to how long they had been in service and as to which the ODECO safety specialist stated that there was to be a yearly change out of the ropes, but known to ODECO, there was no change out procedure!

(Doc. 39, p. 14).

■ A time-charterer is not liable under Section 905(b) unless the cause of the harm is within the charterer's traditional sphere of control and responsibility or has been transferred thereto by the clear language of the charter agreement. A time-charterer is subject to liability only for negligence in its capacity as time-charterer. The duties and responsibilities against which the time-charterer's negligence must be measured are limited to those which arise out of and are founded on the relationship between it and the vessel; in order to be liable under Section 905(b), it must breach a duty owned in its capacity as time-charterer. *Kerr–McGee Corp. v. Ma–Ju Marine Services, Inc.*, 830 F.2d 1332 (5th Cir.1987).

■ It is undisputed that the time charter between ODECO and Co–Mar did not concern or transfer any control or responsibility even remotely relative to the argua-

ble causes of this alleged accident. Instead, the plaintiff argues that the duty breached is the traditional duty of the time-charterer to determine the vessel's destinations. But ODECO's control over the vessel's destination did not cause the alleged injury to the plaintiff herein; rather that injury is claimed to have been caused by the use of the allegedly defective rope and ODECO's failure to properly inspect, maintain and replace that rope. There has been no suggestion that the responsibility to provide safe egress from the vessel had been contractually assumed by ODECO, or that this duty is traditionally delegated to a time-charterer.

The plaintiff's argument relative to recognition of a general maritime duty to provide a safe dock misses the mark. In order to maintain its action against ODECO under Section 905(b), a species of *vessel* negligence must be shown. Unlike the situation in *Tullis v. Fidelity & Casualty Co. of New York*, 397 F.2d 22 (5th Cir.1968), it cannot be said that the rope, attached to the ODECO platform, was a part of the vessel, or that ODECO was otherwise under a duty to provide a safe means of egress.

In addition, the suggestion that knowledge of the use and defective condition of the rope can expand the scope of ODECO's duties under Section 905(b) is unsupported. While knowledge may be relevant to a finding of negligence, it does not provide a relevant duty owed by ODECO as time-charterer under Section 905(b). The Court notes that the plaintiff's status as a worker covered by the Longshore and Harbor Workers' Compensation Act arises by virtue of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333. He was not engaged in any loading or unloading operation as a longshoreman at the time of the alleged accident. Rather, he had been transported as a passenger aboard the M/V C–DICTATOR. In addition, the allegedly defective condition existed on the platform, not the vessel.

Instead, the negligence being claimed by the plaintiff arises out of ODECO's duties as platform owner. ODECO provided and

maintained the rope as part of the platform and in its capacity as platform owner. Any fault arising out of ODECO's knowledge of the rope's intended use or condition pertains to ODECO's duties as platform owner.

The duties owed by ODECO as platform owner and time-charterer are necessarily distinct. The fact that the alleged fault impacted on a vessel-related function does not transform the underlying duty into a time-charterer duty, nor does it otherwise expand ODECO's duty as time-charterer of the vessel to include or otherwise assume the independent vessel-related duty to provide a safe method of egress. ODECO's duties as time-charterer arise out of its control over the destination of the vessel. It did not otherwise control the disembarkation of passengers, and the mere presence of the rope on the platform did not deliver control of that aspect of vessel operations to ODECO. The use of the rope by passengers of the vessel was not mandatory, and did not restrict, prevent or excuse Co-Mar from providing a safe method of egress from its vessel.

The Court does not find that ODECO has shown that it was not negligent in inspecting and maintaining the rope for purposes of summary judgment. However, in light of the Court's conclusion that this liability does not arise under Section 905(b), ODECO is immune from suit under 33 U.S.C. § 905(a). Accordingly,

IT IS ORDERED that the motion for summary judgment filed by ODECO Oil and Gas Company seeking dismissal of the plaintiff's claims under 33 U.S.C. § 905(b), previously noticed for hearing on October 5, 1988, is hereby GRANTED.