NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-1401


TRYON EASTWOOD, ET UX.

VERSUS

NIBLETT'S BLUFF PARK COMMISSION, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-1921
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.


AFFIRMED.

James B. Doyle
P. O. Box 2142
Lake Charles, LA 70602
(337) 433-5999
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Tryon Eastwood
    Rebecca Eastwood

**Michael R. Sistrunk**
**McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch**
**195 Greenbriar Blvd, Ste 200**
**Covington, LA 70433**
**(504) 831-0946**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
 **Niblett's Bluff Park Commission**
 **Southern Insurance Company**

**Christian D. Chesson**
**Attorney at Law**
**One Lakeshore Plaza, #1800**
**Lake Charles, LA 70629**
**(337) 436-5297**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
 **Tryon Eastwood**
 **Rebecca Eastwood**

**Charles D. Fadaol**
**McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch**
**3445 N. Causeway, Suite 800**
**Metairie, LA 70002**
**(504) 368-4341**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
 **Niblett's Bluff Park Commission**
 **Southern Insurance Company**

**EZELL, Judge.**

Tyron and Rebecca Eastwood appeal the decision of the trial court granting an exception of no cause of action in favor of Nibblet's Bluff Park Authority and its insurer. For the following reasons, we affirm the decision of the trial court.

On April 30, 2009, Tyrone Eastwood was injured when he slipped and fell on sediment deposited on a dock located in Nibblet's Bluff Park, located on the Sabine River. He and his wife filed the current lawsuit against the park. As part of the Eastwoods' second amended petition, they alleged that the accident fell under maritime law. They claimed that the accident occurred on a "gangway" while in the Sabine River. Nibblet's Bluff filed an exception of no cause of action on the maritime claims, which was granted by the trial court. The Eastwoods appeal that decision.

On appeal, the Eastwoods assert one assignment of error, that the trial court erred in granting the exception of no cause of action. We disagree.

The purpose of the exception of no cause of action is to test the legal sufficiency of a pleading by determining if the law affords a remedy on the facts alleged in the pleading. *Pierrotti v. Johnson,* 11-1317 (La.App. 1 Cir. 3/19/12), 91 So.3d 1056. To determine the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *See Cardinale v. Stanga*, 01-1443 (La.App. 1 Cir. 9/27/02), 835 So.2d 576, La.Code Civ.P. art. 854. However, Louisiana retains a system of fact pleading; thus, a plaintiff's mere conclusions unsupported by facts will not set forth a cause of action. *Scheffler v. Adams and Reese, LLP,* 06-1774 (La. 2/22/07), 950 So.2d 641. "An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief." *Badeaux v.*

*Southwest Computer Bureau, Inc.,* 05-612, 05-719, p. 7 (La. 3/17/06), 929 So.2d 1211, 1217. All doubts are resolved in favor of sufficiency of the petition so as to afford a litigant his day in court. *Torbert Land Co., L.L.C. v. Montgomery,* 09-1955 (La.App. 1 Cir. 7/9/10), 42 So.3d 1132, *writ denied,* 10-2009 (La. 12/17/10), 51 So.3d 16.

On the face of the second amended petition, the Eastwoods tenuously plead that they exited the boat via a "gangway," carefully and purposely excluding reference to the fact that the "gangway" involved was an ordinary, stationary dock anchored on the land. To the contrary, a "gangway" is defined as: "1: PASSAGEWAY; *especially* : a temporary way of planks 2a : either of the sides of the upper deck of a ship *b* : the opening by which a ship is boarded." Merriam-Webster, n.d. Web. 28 Mar. 2014.

When ruling on an exception of no cause of action, a court may only consider the four corners of the petition itself, and not extrinsic evidence. Taking the petition with its loose claims that the accident occurred on a "gangway" at face value, the district court's judgment could be viewed as inherently erroneous. *See* La.Code Civ.P. art. 931. However, when evidence on an exception of no cause of action is presented and considered by the court without objection, as here, then both sides are considered to have consented to the consideration of that evidence and the pleadings are deemed expanded. *Crosby v. Stinson,* 33,628 (La.App. 2 Cir. 8/23/00), 766 So.2d 615; *Giles v. Cain,* 99-1201 (La.App. 1 Cir. 6/23/00), 762 So.2d 734; *Byers v. Edmondson,* 97-831 (La.App. 1 Cir. 5/15/98), 712 So.2d 681, *writ denied,* 98-1596 (La. 10/9/98), 726 So.2d 29, *cert. denied,* 526 U.S. 1005, 119 S.Ct. 1143 (1999); *Boykin v. Foster,* 493 So.2d 731 (La.App. 2 Cir.1986); *Borden*

*v. West Carroll Parish Police Jury,* 28,967 (La.App. 2 Cir. 12/11/96), 685 So.2d 454.

Here, at the hearing on the exception, counsel for the Eastwoods admitted openly, freely, and frequently that the means of egress from the boat was not a "gangway" as alleged in the petition, but a dock. This admission was made with no objection. The trial court considered this admission, and we find that admission to have expanded the pleadings to reference the "gangway" as a dock in the honest sense in which it truly exists. Accordingly, we will review the trial court's decision based on the sufficiency of the Eastwoods' petition as amended and as enlarged.

The law on docks and maritime liability is well established.

In *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 207, 92 S.Ct. 418, 422, 30 L.Ed.2d 383 (1971), the Supreme Court observed that, traditionally, "[t]he gangplank has served as a rough dividing line between the state and maritime regimes." Piers and docks are deemed extensions of land, *id.,* 404 U.S. at 206-07, 92 S.Ct. at 422, while the means of access between a dock and a vessel is considered an "appurtenance" of the vessel. *Romero Reyes v. Marine Enterprises, Inc.,* 494 F.2d 866 (1st Cir.1974).

It is well-established that maritime law encompasses the gangway. *The Admiral Peoples,* 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633 (1935); *Brady v. Roosevelt S.S. Co.,* 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471 (1943); *Southern Pacific Co. v. Jensen,* 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917); *Tullis v. Fidelity & Cas. Co.,* 397 F.2d 22 (5th Cir.1968); *O'Keeffe v. Atlantic Stevedoring Co.,* 354 F.2d 48 (5th Cir.1965).

It is also well-established that a vessel owner has a "fundamental duty" to provide its crew members with a reasonably safe means of boarding and departing from the vessel. *Massey v. Williams-McWilliams, Inc.,* 414 F.2d 675, 679 (5th Cir.1969), *cert. denied,* 396 U.S. 1037, 90 S.Ct. 682, 24 L.Ed.2d 681 (1970); *Superior Oil Co. v. Trahan,* 322 F.2d 234, 235 (5th Cir.1963). The question posed in the present case is whether a dock owner has a similar duty to crew members of a vessel using its facility.

The vessel owner's duty to provide a reasonably safe means of access arises from the doctrine of "seaworthiness." Under general maritime law, a vessel owner has "an absolute nondelegable duty to provide a seaworthy vessel" to crew members. *Brister v. A.W.I. Inc.,* 946 F.2d 350, 355 (5th Cir.1991). Unseaworthiness is "predicated without regard to fault or the use of due care." *Id.,* quoting *Lee v. Pacific Far East Line, Inc.,* 566 F.2d 65, 67 (9th Cir.1977). It is well-settled, however, that the doctrine of "seaworthiness" is not applicable to a dock owner who does not occupy the position of owner or operator of the vessel. *Daniels v. Florida Power & Light Company,* 317 F.2d 41, 44 (5th Cir.), *cert. denied,* 375 U.S. 832, 84 S.Ct. 78, 11 L.Ed.2d 63 (1963); *Baker v. Raymond International, Inc.,* 656 F.2d 173, 181 (5th Cir.1981), *cert. denied,* 456 U.S. 983, 102 S.Ct. 2256, 72 L.Ed.2d 861 (1982).

Absent a maritime status between the parties, a dock owner's duty to crew members of a vessel using the dock is defined by the application of state law, not maritime law. *Wiper v. Great Lakes Engineering Works,* 340 F.2d 727, 730 (6th Cir.), *cert. denied,* 382 U.S. 812, 86 S.Ct. 28, 15 L.Ed.2d 60 (1965). In the present case, there was no maritime status between [the dockowner] and [the seaman]. Louisiana law defines the duty [the dockowner] owes an invitee such as [plaintiff] as the duty to provide a wharf or dock which is reasonably safe. *Sons v. New Amsterdam Casualty Company,* 186 So.2d 375, 376 (La.Ct.App. 4th Cir.1966)

*Florida Fuels, Inc. v. Citgo Petroleum Corp.,* 6 F.3d 330, 332-33 (5th Cir. 1993),

*cert. denied,* 511 U.S. 1019, 114 S.Ct. 1400 (1994) (first alteration in original).

Furthermore,

In *Rodrigue v. Aetna Casualty & Surety Company,* 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969) the United States Supreme Court held that admiralty jurisdiction has not been construed to extend to accidents on piers, jetties, bridges or even ramps or railways running into the sea. The court followed earlier cases including the circuit court case of *Hastings v. Mann,* 340 F.2d 910 (4th Cir.1965), certiorari denied, 380 U.S. 963, 85 S.Ct. 1106, 14 L.Ed.2d 153 (1965). The Hastings case involved facts virtually the same as those in the case before us. There the plaintiff slipped and fell on a ramp at a small marina designed for launching small boats in Pamlico Sound, North Carolina. Admiralty jurisdiction did not apply in that case.

*Broussard v. Dep't of Transp. & Dev., State of La.,* 539 So.2d 824, 831-32 (La.

App. 3 Cir. 1989).

The slip and fall accident here clearly occurred on a dock, which is not subject to maritime law, as noted above. "The only duty, established by Louisiana law in this case, is to provide a dock which is reasonably safe." *Florida Fuels, Inc.*, 6 F.3d at 334.

The amended petition also alleges that the dock was built in contravention of 33 U.S.C. 403, but the petition states no facts alleging that the dock was built in any manner obstructing the navigability of the Sabine river or that the dock extended beyond established harbor lines. We can find no error in the trial court's granting of the exception of no cause of action.

For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are hereby assessed against the Eastwoods.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.