**John KADYLAK, Plaintiff-Appellant,**

**Sandy Kadylak, Plaintiff,**

**v.**

**ROYAL CARIBBEAN CRUISES, LTD., d.b.a. Royal Caribbean International, Entertainment & Travel Alternatives, Inc., Sergey Denisov, Defendants-Appellees.**

**No. 16-11294**
**Non-Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

(February 8, 2017)

David Henry Pollack, Law Office of David H. Pollack, LLC, Miami, FL, for Plaintiff-Appellant

Darren W. Friedman, Marcus Mahfood, Foreman Friedman, PA, Miami, FL, Natasha K. Alcivar, Randy Scott Ginsberg, Royal Caribbean Cruises, Ltd., Miami, FL, for Defendant-Appellee Royal Caribbean Cruises, Ltd.

David J. Horr, Stephanie H. Wylie, Ryan Matthew McCarthy, Horr Novak & Skipp, PA, Miami, FL, for Defendant-Appellee Sergey Denisov

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

## PER CURIAM:

John Kadylak appeals the summary judgment against his complaint of negligence against Royal Caribbean Cruises, Ltd., for physical injuries caused by its staff captain, Sergey Denisov, during a motorcycle excursion arranged and conducted by Kadylak's travel agency, Entertainment & Travel Alternatives, Inc. Denisov joined the excursion while off duty and at the invitation of Steven Wallach, the owner of Travel Alternatives. The district court ruled that Kadylak failed to produce any evidence "from which it [could] be inferred that Royal Caribbean · knew or should have known of any dangerous or unsafe condition associated with the [motorcycle excursion]" that would have "invoke[d] [its] duty to warn" or that there were any "facts from which a reasonable juror could conclude that" Royal Caribbean was vicariously liable for Denisov's negligence. The district court entered final judgment in favor of Royal Caribbean and issued a certificate for an interlocutory appeal. *See* Fed. R. Civ. P. 54(b). We affirm.

## I. BACKGROUND

The Kadylaks purchased from Travel Alternatives a nine-night specialty cruise on the *Explorer of the Seas*, a ship operated by Royal Caribbean. Travel Alternatives acquired tickets for the cruise from Royal Caribbean and sold the tickets in a package that included motorcycle excur-

sions that Travel Alternatives coordinated at certain ports of call. The travel company required its excursionists to certify they had at least 3,000 miles of experience riding motorcycles, to produce a license and insurance for their motorcycle, and to sign a disclaimer to the effect that they would hold harmless Travel Alternatives and Royal Caribbean for any damage or injuries incurred on the ship or during the motorcycle rides. Royal Caribbean allowed the excursionists to store their motorcycles on the ship.

The owner of Travel Alternatives, Wallach, knew Denysov and the two men had discussed Denysov's experience with riding motorcycles. Denysov decided to rent a motorcycle and ride with Travel Alternatives during its excursion on the island of St. Maarten. Denysov did not pay Travel Alternatives or complete any of the forms required from its excursionists.

After the *Explorer* reached St. Maarten, Denysov completed his duties and went ashore. Denysov told the Captain and bridge personnel that he would be off duty, and he signed the off duty log. When Denysov disembarked, he was not wearing his uniform, a name tag, or any item that connected him to the ship.

The excursionists offloaded their motorcycles and met Wallach and the road captains near the ship. Wallach introduced Denysov to the group as the Staff Captain of the *Explorer* and accompanied Denysov to a motorcycle rental shop. At the rental shop, Denysov told Wallach that he lacked experience driving a Harley Davidson motorcycle. Wallach charged the rental motorcycle to his credit card.

Denysov mounted the rental motorcycle, applied the accelerator, and lost control. Denysov pinned Kadylak between two motorcycles, which crushed the lower section of Kadylak's right leg. Denysov blamed himself for the accident. Later, Denysov admitted that he did not have a valid motorcycle license, had never ridden a motorcycle as powerful as the Harley Davidson, and had not ridden or owned a motorcycle in five years.

## II. STANDARD OF REVIEW

We review *de novo* a summary judgment and view the evidence in the light most favorable to the nonmovant. *Flood v. Young Woman's Christian Ass'n of Brunswick, Ga., Inc.*, 398 F.3d 1261, 1264 (11th Cir. 2005). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III. DISCUSSION

Kadylak challenges the summary judgment in favor of Royal Caribbean on three grounds. First, Kadylak argues that Royal Caribbean was strictly liable for his injury because, as a common carrier, it undertook absolute responsibility to protect him from harm. Second, Kadylak argues that summary judgment was inappropriate "on his vicarious liability claim because there is a genuine issue of material fact as to whether Denysov was acting within the course and scope of his employment at the time he injured Kadylak." Third, Kadylak argues that Royal Caribbean was negligent for "creat[ing] a foreseeably unsafe condition when it allowed Denysov to participate in the motorcycle tour … without first determining that he was capable of doing so without causing injury to passengers." We address each argument in turn.

◼ Kadylak's argument that Royal Caribbean is strictly liable for his injury fails. A common carrier, by virtue of its contract for carriage, has unconditional responsibility for "wanton and willful" misconduct that its employees inflict on its

passengers. *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 904–08, 913 (11th Cir. 2004) (citing *New Orleans & N.E.R. Co. v. Jopes*, 142 U.S. 18, 27, 12 S.Ct. 109, 35 L.Ed. 919 (1891)). We need not address whether Kadylak's injury occurred in "the scope of the ongoing carrier-passenger relationship" he had with Royal Caribbean, *id.* at 914, because we can dispose of Kadylak's argument based on the lack of evidence of tortious conduct by Denysov. Kadylak alleged that he was injured because of "Denysov's negligence," and Kadylak does not dispute that the incident was an "accident." Kadylak argues that Denysov "intentionally misrepresented his motorcycle riding experience," yet that wrongdoing would have affected only those individuals to whom it was communicated, which was limited, in Kadylak's words, "to Wallach and the owner of the motorcycle rental shop." *See Hasenfus v. Secord*, 962 F.2d 1556, 1561 (11th Cir. 1992) ("To prevail on [a] claim of intentional misrepresentation, [a plaintiff] must show [that the defendant made] a false statement of fact … made for the purpose of inducing the plaintiff to act in reliance" [and] action by the plaintiff in reliance on … the representation[ ]."). In the absence of any "willful and wanton" misconduct by Denysov against Kadylak, "[t]he liability basis is negligence," *Tullis v. Fid. & Cas. Co. of N.Y.C.*, 397 F.2d 22, 23 (5th Cir. 1968). *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984) ("A carrier by sea … is not liable to passengers as an insurer, but only for its negligence.").

■ The district court did not err by entering summary judgment against Kadylak's complaint that Royal Caribbean was vicariously liable for Denysov's negligence. Royal Caribbean was liable for Denysov's conduct only if he was acting as its agent when the accident occurred. *See Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d

1225, 1235–36 (11th Cir. 2014). To impute liability, Royal Caribbean had to have exercised control over Denysov's participation in the motorcycle excursion. *See id.* at 1236. Undisputed evidence established that Denysov joined the excursion as a purely private activity; he did so while off duty and using personal leave time; the excursion was not overseen by Royal Caribbean or by Denysov; and Denysov was not wearing any clothing or credentials identifying him in his official role. That Wallach introduced Denysov as Staff Captain does not alter our analysis. The excursionists were entitled to an introduction to a newcomer to their outing. Denysov was not acting as an agent of Royal Caribbean when he injured Kadylak.

■ The district court also did not err by entering summary judgment against Kadylak's complaint that Royal Caribbean was negligent. Royal Caribbean owed to its passengers "the duty of exercising reasonable care under the circumstances." *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). That "standard … requires, as a prerequisite to imposing liability, that [Royal Caribbean] have had actual or constructive notice of the risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure." *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Kadylak failed to introduce any evidence that Royal Caribbean knew of any dangers related to the motorcycle excursion. Kadylak alleged that Royal Caribbean had a "duty to prevent its staff and officers from acting in a manner that foreseeably could cause injury to its passengers" and breached that duty by "allowing [Denysov] to ride … when it knew or should have known that Denysov [lacked] adequate training and experience," but

Travel Alternatives conducted the excursion and selected its participants. Royal Caribbean had no reason to inquire about Denysov's experience with, representations related to, or involvement in a motorcycle excursion. Even if Royal Caribbean had owed Kadylak a duty to prevent his exposure to dangers, that duty extended only to hazards that were not open or obvious. *See Roach v. M/V Aqua Grace*, 857 F.2d 1575, 1583 (11th Cir. 1988). A motorcyclist can appreciate the dangers inherent in operating a motorcycle, even if the motorcyclist suffers an unexpected injury from another rider's mishandling of a motorcycle.

## IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of Royal Caribbean.